UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY THOMAS,

    Plaintiff,

v.                                                           Hon. Paul L. Maloney

UNITED STATES OF AMERICA, et al.,             Case No. 1:23-cv-1309

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Kalamazoo, Michigan, initiated this action on December 15, 2023, against the United States of America; Environmental Protection Agency Region 5 Director Debra Shore, in her official capacity; Marta Fuoco, individually and in her official capacity; Michael Compher, in his official capacity; Graphic Packaging Holding Co.; Graphic Packaging International; Tom Olstad, individually and in his official capacity; and Paul W. McCann, in his official capacity. Having granted Plaintiff's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this initial review, I recommend that Plaintiff's complaint be dismissed because he fails to state a claim upon which relief can be granted.

Plaintiff's factual allegations—as opposed to his legal conclusions—are fairly scant. He alleges that he has suffered "bodily harm, assault, and emotional distress" as a result of intentional discrimination in the release of hazardous waste and air pollution from Defendant Graphic Packaging. (ECF No. 1 at PageID.1–2.) Plaintiff alleges that "Defendants are in violation of

constitutional amendments 1, constitution[al] amendments 5 and 14, 42 U.S.C. section 7412, title 6 of the Civil Rights Act of 1964, 42 U.S.C. section 1983, 42 U.S.C. section 1985(3)[,] 40 C.F.R. section 63.4[,] MCL section 324.5512[,] M.C.R. and violation of many other air control regulations." (*Id.* at PageID.2.) For relief, Plaintiff seeks "the amount of 50,000 usd or the amount that pleases the court," and an amount that "covers decades of air pollution problems." (*Id.* at PageID.3.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial

2

experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's complaint fails to satisfy the foregoing *Twombly*/*Iqbal* standard because it is nothing more than a collection of legal conclusions. For example, although Plaintiff alleges that Defendant Graphic Packaging released air pollution, he does not identify the alleged pollutant(s) or explain why or how the release violated the Clean Air Act. Similarly, Plaintiff has sued several other Defendants, but he fails to allege facts showing what each Defendant did or did not do to violate the statutes or regulations he cites. "It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants." *McClain v. Holmes*, No. 1:21-CV-814, 2022 WL 304538, at *6 (W.D. Mich. Feb. 2, 2022) (citing *Twombly*, 550 U.S. at 544). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Id.*

3

The complaint has many other shortcomings. By way of example only, although Plaintiff seeks damages and refers to the Clean Air Act (CAA), "private parties cannot 'seek damages or other remedies based on alleged violations of the CAA.'" *Counts v. General Motors LLC*, No. 1:16-cv-12541, 2021 WL 8014317, at *4 (E.D. Mich. Sept. 1, 2021) (quoting *Beshear v. Volkswagen Grp. of Am., Inc.*, NO. 16-Cv-27, 2016 WL 3040492, at *4 (E.D. Ky. May 25, 2016)). Rather, the CAA authorizes citizen suits to enforce emission standards or orders and to obtain monetary penalties for violation of the CAA, payable to the federal government. 42 U.S.C. § 7604(a)(1). Plaintiff does not seek such relief. Similarly, Plaintiff cites 40 C.F.R. § 63.4, which pertains to national emission standards for hazardous air pollutants for source categories, but he fails to explain how any Defendant violated this regulation. Moreover, the regulation does not provide a private right of action. Plaintiff also fails to state a claim under 42 U.S.C. § 1983 because he fails to allege which, if any, Defendant acted under color of law. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.") Clearly, the United States, and Environmental Protection Agency officials Region 5 Director Shore, Marta Fuoco, and Michael Compher are not state actors, and Graphic Packaging Holding Co. and Graphic Packaging International are private companies not subject to suit under Section 1983. Finally, even if Plaintiff had identified a state actor, he fails to allege how his rights under the First, Fifth, and Fourteenth Amendments were violated. Thus, he fails to state a claim for relief.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint with prejudice for failure to state a claim. The Court must also decide whether an appeal of this action

would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1). *See McGore*, 114 F.3d at 610-11.

Date: January 2, 2024  /s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).